John E. Edwards (SBN 122089)
Law Offices of John E. Edwards
402 West Broadway, Suite 2700
San Diego, California 92101
Telephone: (619) 501-6707
Facsimile: (619) 230-1839

Attorney for Defendant Fidelity Home Energy, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BEGAY, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY HOME ENERGY, INC.<br><br>Defendants. | **Case No. 3:18-CV-01434 WHO**<br><br>**ANSWER TO COMPLAINT**<br><br><br>**Judge:**     Hon. William H. Orrick |

Defendant Fidelity Home Energy, Inc. ("Fidelity"), by and through its attorneys, hereby answers the complaint of Plaintiff Marlene Begay on behalf of herself and all other similarly situated persons ("Plaintiff") as follows:

1. In responding to the allegations of paragraph 1 of Plaintiff's complaint, Fidelity denies generally and specifically that either Fidelity or its agents called Plaintiff on her cellular telephone using an auto-dialer and/or artificial prerecorded voice. Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of Plaintiff's complaint and, on that basis, denies each and every remaining allegation contained therein.

2. Fidelity denies generally and specifically each and every allegation contained in paragraph 2 of Plaintiff's complaint.

3. Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

4. In responding to the allegations of paragraph 4 of Plaintiff's complaint, Fidelity admits the allegations contained therein.

5. In responding to the allegations of paragraph 5 of Plaintiff's complaint, Fidelity denies that this court has subject matter jurisdiction over this matter. Fidelity makes no answer to the conclusions of law contained in paragraph 5 of Plaintiff's complaint. Fidelity denies generally and specifically each and every remaining allegation contained therein.

6. In responding to the allegations of paragraph 6 of Plaintiff's complaint, Fidelity denies that this court has subject matter jurisdiction over this matter. Fidelity denies that federal question jurisdiction exits with respect to this matter. Fidelity denies generally and specifically each and every remaining allegation contained therein.

7. In responding to the allegations of paragraph 7 of Plaintiff's complaint, Fidelity admits that it transacts business primarily within the Northern District of California and that its principal place of business is in that District. Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of

Plaintiff's complaint and, on that basis, denies generally and specifically each and every remaining allegation contained therein.

8. Paragraph 8 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond. However, to the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every allegation contained therein.

9. Paragraph 9 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond. However, to the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every allegation contained therein.

10. Paragraph 10 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond. However, to the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every allegation contained therein.

11. Paragraph 11 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond. However, to the extent that this paragraph is construed to contain a factual allegation requiring response, Fidelity denies generally and specifically each and every allegation contained therein.

12. In responding to the allegations of Paragraph 12 of Plaintiff's complaint, Fidelity denies generally and specifically that either Fidelity or its agents called Plaintiff on her cellular telephone using an auto-dialer and/or artificial prerecorded voice. Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every remaining allegation contained therein.

13. In responding to the allegations of paragraph 13 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

14. In responding to the allegations of paragraph 14 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

15.     In responding to the allegations of paragraph 15 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

16.     Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

17.     Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

18.     Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

19.     Paragraph 19 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond.  Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. To the extent that this paragraph is construed to contain any other factual allegations requiring response, Fidelity denies generally and specifically each and every remaining allegation contained therein.

20.     Paragraph 20 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond.  Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. To the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every remaining allegation contained therein.

21.     Paragraph 21 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond.  Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. To the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every remaining allegation contained therein.

22.     Paragraph 22 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond.  Fidelity denies that Plaintiff's case is entitled to class

1  treatment or that Plaintiff is a proper class representative. To the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every remaining allegation contained therein.

23. Paragraph 23 of Plaintiff's complaint does not contain factual allegations to which Fidelity is required to respond. Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. To the extent that this paragraph is construed to contain any factual allegations requiring response, Fidelity denies generally and specifically each and every remaining allegation contained therein.

24. In responding to the allegations of paragraph 24 of Plaintiff's complaint, Fidelity denies generally and specifically that either of the proposed classes constitute persons impacted in any way by Fidelity's conduct. Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every remaining allegation contained therein.

25. In responding to the allegations of paragraph 25 of Plaintiff's complaint, Fidelity denies generally and specifically that either of the proposed classes constitute persons impacted in any way by its conduct or that the proposed class members have been damaged in any way by Fidelity's conduct. Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of Plaintiff's complaint and, on that basis, denies generally and specifically each and every remaining allegation contained therein.

26. In responding to the allegations of paragraph 26 of Plaintiff's complaint, Fidelity denies generally and specifically that either of the proposed classes constitute persons impacted in any way by its conduct or that they have been damaged in any way by Fidelity's conduct. Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative. Fidelity lacks knowledge or information sufficient to form a belief

1  as to the truth of the remaining allegations of paragraph 26 of Plaintiff's complaint and, on that
2  basis, denies generally and specifically each and every remaining allegation contained therein.

3  27.  In responding to the allegations of paragraph 27 of Plaintiff's complaint, Fidelity
4  denies generally and specifically that either of the proposed classes constitute persons
5  impacted in any way by its conduct or that they have been damaged in any way by Fidelity's
6  conduct. Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a
7  proper class representative. Fidelity lacks knowledge or information sufficient to form a belief
8  as to the truth of the remaining allegations of paragraph 27 of Plaintiff's complaint and, on that
9  basis, denies generally and specifically each and every remaining allegation contained therein.

10  28.  Fidelity denies generally and specifically each and every allegation contained in
11  paragraph 28 of Plaintiff's complaint.

12  29.  Fidelity lacks knowledge or information sufficient to form a belief as to the truth
13  of the allegations of paragraph 29 of Plaintiff's complaint and, on that basis, denies each and
14  every allegation contained therein.

15  30.  In responding to the allegations of paragraph 30 of Plaintiff's complaint, Fidelity
16  denies generally and specifically either of the proposed classes constitute persons impacted in
17  any way by Fidelity's conduct or that they have been damaged in any way by Fidelity's
18  conduct. Fidelity denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a
19  proper class representative. Fidelity lacks knowledge or information sufficient to form a belief
20  as to the truth of the remaining allegations of paragraph 30 of Plaintiff's complaint and, on that
21  basis, denies generally and specifically each and every remaining allegation contained therein.

22  31.  In responding to the allegations of paragraph 31 of Plaintiff's complaint, Fidelity
23  denies generally and specifically that either Fidelity or its agents called Plaintiff on her cellular
24  telephone using an auto-dialer and/or artificial prerecorded voice, that either of the proposed
25  classes constitute persons impacted in any way by its conduct or that Plaintiff or the proposed
26  class members have been damaged in any way by Fidelity's conduct. Fidelity lacks knowledge
27  or information sufficient to form a belief as to the truth of the remaining allegations of
28  paragraph 31 of Plaintiff's complaint and, on that basis, denies generally and specifically each

and every remaining allegation contained therein.

33. In responding to the allegations of paragraph 32 of Plaintiff's complaint, Fidelity incorporates by reference its responses to paragraphs 1 through 31, above, as if fully set forth herein.

33. In responding to the allegations of paragraph 33 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

34. In responding to the allegations of paragraph 34 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

35. In responding to the allegations of paragraph 35 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

36. In responding to the allegations of paragraph 36 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

37. In responding to the allegations of paragraph 37 of Plaintiff's complaint, Fidelity denies generally and specifically each and every allegation contained therein.

## SEPARATE AFFIRMATIVE DEFENSES

For further answer to Plaintiff's complaint, and by way of affirmative defense, this answering defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

The complaint and each purported claim contained therein is barred to the extent that Plaintiff or any member of the putative classes lack standing.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

By virtue of Plaintiff's representations, acts and omissions herein, Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

By virtue of Plaintiff's representations, acts and omissions herein, Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

By virtue of Plaintiff's representations, acts and omissions herein, Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were proximately caused by other defendants, not the agents or representatives of this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prior Express Consent)

Plaintiff's complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes provided consent for the alleged calls.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Automated Dialer)

Plaintiff's complaint and each purported claim contained therein are barred to the extent that Defendant did not employ an ATDS to transmit the alleged calls.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions or Inaction)

Plaintiff's damages, and the damages of the members of the putative classes, if any, have been caused by her/their own action or inaction, including, but not limited to, her/their provision of prior express consent to receive the alleged calls.

## TENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which Plaintiff's complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth

Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative classes are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

### (Third Parties)

The matters that are the subject of this complaint and the actions therein complained of are attributable to third parties over which/whom Defendant had no control or right to control, and Plaintiff's recovery therefore is barred or limited.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Law)

Defendant is not liable to Plaintiff or members of the putative classes because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

The marketing practices of Defendant related to ringless voicemail are not covered by the TCPA, not subject to regulation by the FCC and do not otherwise present a federal question, depriving this court of subject matter jurisdiction.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Action Improper)

Plaintiff's claims, and the claims of the members of the putative classes, if any , fail to meet the necessary requirements for class certification under Federal Rule of Civil Procedure 23, including class ascertainability, typicality, commonality, numerosity, manageability,

superiority, adequacy of the class representative, and lack of a community of interest among the putative class, and because class certification is inappropriate due to Defendant's lawful practices.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Defenses Specific to Class Members)**

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

WHEREFORE, Defendant Fidelity Home Energy, Inc. respectfully requests that this court:

1. Deny Plaintiff the relief sought in her complaint;
2. Deny class certification;
3. Dismiss Plaintiff's complaint for lack of subject matter jurisdiction;
4. Dismiss Plaintiff's complaint with prejudice;
5. Award Fidelity its costs and attorneys' fees incurred herein;
6. Grant such other and further relief as this court deems just and proper.

Respectfully Submitted,

Dated: April 4, 2018
s/John E. Edwards   _
John E. Edwards (122089)
Attorney for Defendant Fidelity Home Energy
E-mail: john@jedwardslaw.com

John E. Edwards (SBN 122089)
Law Offices of John E. Edwards
402 West Broadway, Suite 2700
San Diego, California 92101
Telephone:  (619) 501-6707
Facsimile:   (619) 230-1839

Attorney for Defendant
Fidelity Home Energy, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BEGAY, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY HOME ENERGY, INC.<br><br>Defendants. | **Case No. 3:18-cv-01434 WHO**<br><br>**CERTIFICATE OF SERVICE**<br><br><br>**Judge:**     Hon. William H. Orrick |

# CERTIFICATE OF SERVICE

All case participants are registered for the USDC, Northern District of California CM/ECF System

**Marlene Begay, on behalf of herself and all others similarly situated v. Fidelity Home Energy, Inc.**

**Northern District of California Case No. 3:18-cv-01434-WHO**

On April 4, 2018, I electronically filed the below listed document with the Clerk of the Court for the United States District Court for the Northern District by using the CM/ECF system.:

**1. ANSWER TO COMPLAINT**

By serving Plaintiff using the CM/ECF system:

L. Timothy Fisher
Bursor & Fisher, P.A.
Email: ltfisher@bursor.com

Blair E. Reed
Bursor & Fisher, P.A.
Email: breed@bursor.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on April 4, 2018, at San Diego, California.

s/John E. Edwards  _____
Attorney for Defendant
E-mail: john@jedwardslaw.com